MINUTE ENTRY
SEPTEMBER 30, 2020
VAN MEERVELD, M. J.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 20-97 |
| TREVONTAE WASHINGTON | SECTION: MAG |

INITIAL APPEARANCE

APPEARANCES:  X  DEFENDANT WITH (WITHOUT) COUNSEL  _____

_____  X  ASSISTANT U.S. ATTORNEY   INGA PETROVICH - BY VIDEO

____ INTERPRETER  _____

Designated by Court and sworn.   Time: _____ .M to _____ M.

X  Defendant consents to appear by video

X / DEFENDANT WAS ADVISED OF HIS RIGHTS

X / READING OF THE COMPLAINT FROM D/NJ WAS:
     READ   WAIVED  (SUMMARIZED)

__ / DEFENDANT INFORMED THE COURT THAT COUNSEL HAS BEEN/WOULD BE RETAINED

X / REQUESTED COURT-APPOINTED COUNSEL; SWORN RE FINANCIAL STATUS

X / FEDERAL PUBLIC DEFENDER APPOINTED TO REPRESENT THE DEFENDANT

__ / DEFENDANT FOUND NOT TO BE LEGALLY INDIGENT

MJSTAR: 00: 15

*Janis van Meerveld*

X / BOND SET AT $5,000.00 unsecured appearance bond

_____

SPECIAL CONDITIONS: (1) HE SHALL NOT COMMIT A FEDERAL, STATE OR LOCAL CRIME DURING THE PERIOD OF RELEASE; (2) HE SHALL NOT INTERFERE WITH, INTIMIDATE, THREATEN, HARM, OR INFLUENCE ANY JUROR, GOVERNMENT WITNESSES, VICTIMS OR FEDERAL AGENTS.

See attached for additional conditions of release

__/ DEFENDANT REMANDED TO THE CUSTODY OF THE U.S. MARSHAL

X/ DEFENDANT RELEASED ON BOND

X/ DEFENDANT INFORMED THAT PRELIMINARY HEARING/(REMOVAL HEARING)/ ARRAIGNMENT IS SET FOR ____Waived____

__/ HEARING TO DETERMINE COUNSEL IS SET FOR _____

__/ DEFENDANT INFORMED THAT DETENTION HEARING IS SET FOR

__/ DEFENDANT ORDERED TO RE-APPEAR FOR PRELIMINARY HEARING/REMOVAL HEARING/ARRAIGNMENT/DETENTION HEARING/HEARING TO DETERMINE COUNSEL WITH COUNSEL _____

JvM

DEFENDANT'S NAME: <u>TREVONTAE WASHINGTON</u>    CASE NO. <u>20-97 MAG</u>
ADDITIONAL CONDITIONS OF RELEASE

Third Party Custodian: _____

The defendant must:

<u>X</u> a) submit to supervision by and report for supervision to the <u>US PROBATION OFFICER (USPO)</u>

<u>X</u> b) (continue) or actively seek employment

____ d) surrender any passport to _____

____ e) not obtain a passport or other international travel document

<u>X</u> f) abide by the following travel restrictions: Continental U.S. ____ EDLA <u>X</u> LA ____
Other *and New Jersey and points in between for court purposes only*

____ g) avoid all contact with victim/witness _____ co-defendants _____
Other _____

____ h) medical or psychiatric treatment if directed by Pretrial Services

____ k) not possess firearm, destructive device or other weapon

____ l) not use alcohol: at all _____ excessively _____

____ m) not use or unlawfully possess narcotic drug/controlled substances

____ n) submit to testing for a prohibited substance if required by Pretrial Services

____ o) participate in inpatient/outpatient substance abuse therapy/counseling if directed by Pretrial Services

____ p) participate in location restriction program: _____ (i) Curfew
                                                    _____ (ii) Home Detention
                                                    _____ (iii) Home Incarceration

____ q) submit to location monitoring as directed by Pretrial Services

<u>X</u> r) report every contact with law enforcement personnel to Pretrial Services

____ s) Other(s): _____
_____
_____
_____
_____

*JvM*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **TO BE FILED UNDER SEAL** |
| v. | : | Hon. Mark Falk |
| TREVONTAE WASHINGTON | : | Mag. No. **20-1146** |
| | : | **CRIMINAL COMPLAINT** |

I, Bryan DeBon, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Secret Service, and that this Complaint is based on the following facts:

**SEE ATTACHMENT B**

continued on the attached pages and made a part hereof.

_____
Bryan DeBon, Special Agent
United States Secret Service

Special Agent DeBon attested
to this Complaint by telephone
pursuant to FRCP 4.1(b)(2)(A) on
September 25, 2020 in the
District of New Jersey

HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE

_____
Signature of Judicial Officer

**ATTACHMENT A**

**COUNT ONE**
**(Conspiracy to Commit Wire Fraud)**

From in or around December 2017 through in or around April 2019, in Bergen County, in the District of New Jersey and elsewhere, defendant

**TREVONTAE WASHINGTON**

did knowingly and intentionally conspire with others to devise and intend to devise a scheme and artifice to defraud individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, contrary to Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1349 and 2.

2

## COUNT TWO
## (Conspiracy to Commit Computer Fraud and Abuse)

From in or around December 2017 through in or around April 2019, in the District of New Jersey and elsewhere, defendant

## TREVONTAE WASHINGTON

did knowingly and intentionally conspire with others to commit computer fraud and abuse, namely, to intentionally access a computer without authorization and to exceed authorized access, and thereby obtain information from any protected computer, for purposes of commercial advantage and private financial gain, contrary to Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B)(i).

In violation of Title 18, United States Code, Sections 371 and 2.

**ATTACHMENT B**

I, Bryan DeBon, being first duly sworn, depose and state the following:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the United States Secret Service ("USSS" or "Secret Service"), and have been so employed since July 2017. I am authorized and have received training to investigate violations of the laws of the United States, and to execute warrants under the authority of the United States. I received criminal investigative training at the Federal Law Enforcement Training Center in Glynco, Georgia, and at the James J. Rowley Secret Service Training Center in Beltsville, Maryland. My training and experience as a Secret Service agent has included the investigation of cases involving counterfeit currency, bank fraud, money laundering, wire fraud, access device fraud, and identity theft. During my employment with the USSS, I have participated in investigations resulting in the seizures of criminally derived property.

2. This Affidavit is submitted for the sole purpose of establishing probable cause to support the issuance of a federal criminal complaint and arrest warrant. Accordingly, I have not included each and every fact known by the Government concerning this investigation. Except as otherwise indicated, the actions, conversations, and statements of others identified in this Affidavit – even where they appear in quotations – are reported in substance and in part. Similarly, dates and times are approximations, and should be read as "on or about," "in or about," or "at or about" the date or time provided. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents.

**BACKGROUND**

3. At various times relevant to this Complaint:

    A. The defendant Trevontae Washington ("WASHINGTON") was a resident of Louisiana.

    B. "Victim-1" was a professional football player, who was employed by a National Football League ("NFL") franchise, and was living in New Jersey.

    C. "Victim-2" was a professional basketball player, who was employed by a National Basketball Association ("NBA") franchise, and was living in New Jersey.

    D. "Victim-3" was a professional football player, who was employed by an NFL franchise, and was living in Massachusetts.

3

## FACTS SUPPORTING PROBABLE CAUSE

4. The operators of a social media and email account hacking scheme, including WASHINGTON, targeted semi-professional and professional athletes across the United States, including Victims-1, -2 and -3. As part of the scheme, WASHINGTON and others gained unauthorized access to the social media and email accounts of the victim-athletes and used or attempted to use that access for their personal financial gain, including by selling access to others who would further exploit the compromised accounts.

<u>Victim-1</u>

5. Between on or about May 27, 2018 and on or about May 30, 2018, Victim-1 received a direct message on his Instagram account (the "Victim-1 Instagram Account") from an unknown account. The direct message contained a clickable link to a Facebook site that purported to solicit community support from professional athletes. Victim-1 used his personal cell phone to click on the link, which brought him to what he believed was a Facebook login page (the "Bogus Facebook Page"). Following instructions on the Bogus Facebook Page, Victim-1 entered his Facebook user name and password. Shortly after entering this data, Victim-1 was locked out of multiple of his accounts on social media platforms, including Facebook, Twitter, Instagram, and Snapchat.

6. On or about June 3, 2018, Victim-1 was advised by email by Yahoo, Inc. ("Yahoo") that changes had been made to his Yahoo email account (the "Victim-1 Yahoo Account"). Victim-1 did not make or authorize the changes to the Victim-1 Yahoo Account. Shortly thereafter, Victim-1 found that he was locked out of the Victim-1 Yahoo Account.

7. According to records provided by Yahoo, the Victim-1 Yahoo Account had been accessed without authorization prior to June 3, 2018. For example, on or about June 1, 2018, the Victim-1 Yahoo Account was accessed by a computer assigned the cookie[1] eeepriddg3qgg (the "3qgg Cookie") from IP Address 71.88.129.58 (the "58 IP Address").

8. According to records provided by Charter Communications, at the time of the unauthorized access to Victim-1's social media and email accounts, the

---

[1] Browser cookies, also known as a "bcookies" or, simply, "cookies," are small, unique pieces of data stored on a user's computer by a web browser while browsing a website. Cookies were designed to be a reliable mechanism for websites to remember information or to record the user's browsing activity. They can also be used to remember pieces of information that the user previously entered into form fields, such as names, addresses, passwords, and payment card numbers.

4

58 IP Address was assigned to WASHINGTON'S home address at the time in Thibodaux, Louisiana (the "Thibodaux Address").

9. Further analysis revealed that the computer associated with the 3qgg Cookie also accessed Yahoo accounts belonging to at least three additional professional athletes between May 20, 2018 and May 29, 2018. Information provided by Yahoo regarding these accounts further revealed that a computer assigned the cookie 72n66j5c5gv9i (the "gv9i Cookie") also accessed two of the three accounts.

10. According to information provided by Yahoo, on or about August 15, 2017, the computer associated with the gv9i Cookie also accessed the Yahoo email account wtravontaa@yahoo.com (the "Wtravontaa Yahoo Account"). According to Yahoo records, the Wtravontaa Yahoo Account was subscribed to by WASHINGTON and listed a verified phone number ending in 8260 (the "8260 Number"). According to records provided by Sprint, the 8260 Number was subscribed to by WASHIGNTON at the Thibodaux Address.

11. Based on the above information, as well as my training and experience, there is probable cause to believe that WASHINGTON was responsible for gaining unauthorized access to the Victim-1 Instagram and Yahoo Accounts and the additional athlete accounts referenced in Paragraph 9.

Victim-2

12. On or about January 16, 2018, Victim-2 learned that the 8260 Number had been added to Victim-2's Instagram account (the "Victim-2 Instagram Account") and reported it to Facebook, the parent company for Instagram. In addition, according to records obtained from Yahoo, on or about January 17, 2018, the Wtravontaa Yahoo Account received an automated email from Instagram with the subject line "Help Secure Your Account...." The "Account" referenced in the email was the Victim-2 Instagram Account. According to Facebook records, the Wtravontaa Yahoo Account had been added to the Victim-2 Instagram Account as a means of contact. Victim-2 did not execute or authorize these modifications to the Victim-2 Instagram Account.

13. According to Facebook records, on or about January 31, 2018, a Facebook account subscribed to by WASHINGTON (the "WASHINGTON Facebook Account") was linked to the Victim-2 Instagram Account. On the same date, the name on the Victim-2 Instagram Account was changed to "tre," the first three letters of "Trevontae." This investigation has revealed multiple instances in which, after gaining unauthorized access to a victim's account, WASHINGTON changed the subscriber name on the account to "tre."

5

14. According to Yahoo records, on or about February 2, 2018, the computer associated with the gv9i Cookie accessed a Yahoo account belonging to Victim-2 (the "Victim-2 Yahoo Account") from the 58 IP Address.

15. Based on the above information, as well as my training and experience, there is probable cause to believe that WASHINGTON was responsible for gaining unauthorized access to the Victim-2 Instagram and Yahoo Accounts.

Victim-3

16. According to Facebook records, on or about December 3, 2017, the 8260 Number was added to an Instagram account belonging to Victim-3 (the "Victim-3 Instagram Account").

17. Facebook records further revealed that, on or about December 3, 2017, a computer using an IP Address ending in 73e5 (the "73e5 IP Address") was used to access the Victim-3 Instagram Account. The 73e5 IP Address resolved to the Thibodaux Address. At the time of the login from the 73e5 IP Address, Victim-3 resided in Massachusetts.

18. After the 8260 Number was added to the Victim-3 Instagram Account, the WASHINGTON Facebook Account was linked to the Victim-3 Instagram Account.

19. Following the unauthorized access of the Victim-3 Instagram Account, on or about December 3, 2017, the Google email account gebear11@gmail.com (the "Gebear Google Account") was added to the Victim-3 Instagram Account. According to Google records, the Gebear Google Account is subscribed to by "George Bear" and was accessed from an IP address that resolved to Thibodaux, Louisiana. According to records provided by PayPal, the Gebear Google Account was associated with a PayPal Account subscribed to by WASHINGTON (the "WASHINGTON PayPal Account") at the Thibodaux Address. PayPal records listed the 8260 Number as a means of contact for the WASHINGTON PayPal Account and showed at least one login from the 58 IP Address.

20. According to Yahoo records, a computer using the 58 IP Address logged into the Yahoo email account wtravonta@yahoo.com (with one "a") (the "Wtravonta Yahoo Account") on numerous occasions, including on or about January 24, 2018, on or about April 13, 2018, and on or about June 12, 2018. The Wtravonta Yahoo Account was subscribed to by WASHINGTON at the Thibodaux Address and listed the 8260 Number as a verified telephone number.

6

Interview of WASHINGTON

21. On or about April 30, 2019, WASHINGTON was arrested by authorities in Louisiana on charges related to the conduct described herein. WASHINGTON was advised of his rights, and voluntarily submitted to an interview by law enforcement. During the interview, WASHINGTON admitted to using phishing techniques to fraudulently acquire passwords associated with social media and email accounts belonging to victims of the scheme. WASHINGTON stated that after taking over the victim accounts, he sold access to the accounts to others for between approximately $500 and $1000 per account. WASHINGTON also admitted that he had purchased unauthorized access to stolen accounts, which he re-sold for a profit.

22. A review of a Chase bank account to which WASHINGTON is the signatory (the "WASHINGTON Chase Account") revealed numerous transfers consistent with the statement made by WASHINGTON to law enforcement, including transfers made at or around the time of the intrusions involving Victims-1, -2, and -3.

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

United States of America
v.

TREVONTAE WASHINGTON

)
)
)
)
)
)

Case No. 20-1146

*Defendant*

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* TREVONTAE WASHINGTON

who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☐ Complaint
☐ Probation Violation Petition ☑ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

Title 18, United States Code, Section 1349 (Wire Fraud Conspiracy)
Title 18, United States Code, Section 371 (Computer Fraud Conspiracy)

Date: 09/25/2020

*/s/ Mark Falk*
*Issuing officer's signature*

City and state: Bergen County, New Jersey

Hon. Mark Falk, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ at *(city and state)* _____ |
| Date: _____ |
| _____ *Arresting officer's signature* |
| _____ *Printed name and title* |

AO 442 (Rev. 11/11) Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: Travontae Washington
Known aliases:
Last known residence: 117 Ribbon Cane Drive, Thibodaux, Louisiana
Prior addresses to which defendant/offender may still have ties: 702B Railroad Street Napoleonville, Louisiana

Last known employment: Unknown
Last known telephone numbers: Unknown
Place of birth: United States
Date of birth: 01/20/1999
Social Security number: 436997964
Height: 6'0"       Weight: 199
Sex: Male          Race:
Hair: Black        Eyes: Brown

Scars, tattoos, other distinguishing marks:

History of violence, weapons, drug use:

Known family, friends, and other associates *(name, relation, address, phone number)*:

FBI number: XH9MAVJW4
Complete description of auto:

Investigative agency and address: USSS Special Agent Gregory Kloepfer 202-834-3795; USSS Special Agent Paul Newman 202-748-6038

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*:

Date of last contact with pretrial services or probation officer *(if applicable)*:

United States District Court
District of New Jersey

| | |
|---|---|
| UNITED STATES OF AMERICA | : Mag No. **20-1146** |
| v. | : Hon. Mark Falk |
| TREVONTAE WASHINGTON | : **SEALING ORDER** |

This matter having been brought before the Court upon application of Craig Carpenito, the United States Attorney for the District of New Jersey (Anthony P. Torntore, Assistant United States Attorney, appearing), for an order sealing the Complaint and Arrest Warrant issued on this date, and for good cause shown,

IT IS on this 25th day of September, 2020,

ORDERED that the Complaint, Arrest Warrant, and all related documents, except as necessary to effectuate the arrest of the defendant, be and hereby are sealed until the arrest of the defendant or until further Order of this Court.

Honorable Mark Falk
United States Magistrate Judge

# EASTERN DISTRICT OF LOUISIANA

MAG. Number: 20-97   Complaint/(Warrant from Other District)

Defendant: Trevontae Washington

Violation: Warrant from D/NJ (complaint)

_____ USC _____

U.S. Attorney: Angas Petrovich

Date Assigned: 9/29/2020

Interpreter Needed?   Yes   (No)

Sealed?   Yes   (No)

Court Date and Time: September 30, 2020 at 9:00 a.m.

Before Magistrate Judge: Janis van Meerveld